Day, C. J.
The plaintiff in error was indicted for grand larceny, in the court .of common pleas of Huron county, at the November term, 1869. At the same term he was tried and convicted. He filed his motion for a new trial, on the following grounds: 1. That the court improperly overruled his motion for a continuance; 2. That the state was permitted to give incompetent evidence to the jury; 3. That the verdict was against the law, and was not sus479] tainod by sufficient ^evidence; 4. That the court permitted the jury to separate during the trial. This motion was overruled, and a new trial was refused. The errors alleged are predicated *480 on the overruling the motion for a new trial. We are-, therefore, to consider whether the court ought to have granted a new trial on either one of the grounds stated in the motion.
As to the first and second grounds upon which a new trial was asked, we do not deem it necessary to say more than to state that we do not think the' court erred in overruling the prisoner’s motion to continue the case, nor in admitting the evidence objected to by him, and that he was not entitled to a new trial on either of those grounds.
As to the third ground upon which a new trial was sought, so far as it relates to the insufficiency of the evidence to sustain the verdict, it is only necessary to say that we can not review the action of the court below, for the record does not affirmatively show that all the evidence given to the jury was embodied in the bill' of exceptions.
The rule on this subject has been so ofteu stated in the- reported decisions of this court,'that it need not be again repeated here. Nor is the rule modified as to criminal eases by the new code of criminal procedure, as claimed on the part of the plaintiff in error. On the contrary, it is provided by the 156th section that “ where a defendant shall feel himself aggrieved by any opinion or decision of the court, he may present his bill of exceptions thereto; ” and that “ where the ground of exception is that the verdict is not sustained by sufficient evidence, or is contrary to law, and the court has overruled a motion for a new trial, made on that ground, the bill of exceptions shall set out all the evidence.” It further provides that the “taking, preparing, and signing and sealing said bill shall be governed by the rules established in such matters in civil cases,” and that it “ shall have the same force and effect as in civil cases.” It will thus be seen that the same rule that requires the record to show affirmatively, in civil cases, that the bill of exceptions contains all the evidence, when the verdict of the jury is questioned, is equally applicable to criminal cases.
It remains to be considered whether the court erred in *re- [480 fusing to grant a new tidal on the ground that the jury were permitted to separate during the trial. It appears from the record, that during the progress of the trial, and before the case was finally submitted to the jury, the court, with the consent of the defendant permitted the jury to separate and go at large from Saturday evening until Monday morning, when they again returned into court, *481 and the trial was resumed. It is claimed that, under this state of facts, the court erred in not granting a new trial.
The determination of the question thus presented depends chiefly upon the construction to be given to that part of the code of criminal procedure, recently enacted in this state, relating to the matter under consideration.
The defendant was indicted for a felony, as that term is defined by the 230th section of the criminal code. The 164th section is as 'follows:
“The proceedings provided by law in civil cases as to the conduct of the jury, the admonitions of the court, and the manner of returning the verdict, shall be had upon all trials or indictments, so far as such proceedings may be applicable, and when it is not otherwise provided. In the trial of felonies, the jury shall not be permitted to separate after being sworn, until discharged by the court. In the trial of misdemeanors, they shall not be permitted to separate after receiving the charge of the court until discharged.” 66 Ohio L. 312.
By the provisions of the civil code it is left to the discretion of the .court to permit the jury to separate in civil cases, either during the trial or after the case is submitted to them. S. & C. 1023.
By the first clause of the 164th section, above recited, the same discretionary power is extended to the coux’t in the trial of criminal-cases, “when it is xxot othox*wise provided.” But in the remaixxing parts of the section this power is prohibited in the trial of felonies, and limited in the trials of misdemeanors. The legislature has thus clearly evinced a purpose to distixxguish the practice, in this respect, in criminal trials from that allowed in civil cases, and to prohibit in one class of trials what is permitted in 'the other. 481] We must, therefore, ^regard this section as a mandatory declaration of the legislative power that, “ in the trial of felonies, the jury shall not be permitted to separate after being sworn, until dischax’ged by the court.”
In this case, after the jury were sworn, they were permitted to separate and mingle with the community at lax'ge from Saturday until Monday. This was not a casual or temporary sepax’ation, under the supervision of an officer, but was a separation that subjected the jury to all the influences that the legislature, we may reasonably presume, intended to provide against. In permitting *482 such a separation, the court certainly violated a plain and positive provision of the statute, applicable to all trials of felonies.
But the defendant consented to the separation of the jury. It is therefore claimed that he can not complain of the action of the court in this respect.
It is to be observed that the language of the statute is imperative, and that no provision is made for exceptional cases, nor for any discretionary action in the matter by the court, either with or without the consent of the parties. The statutory prohibition was not left to be so easily annulled.
It may be regarded as an established principle in this state, that the defendant can not be prejudiced by his waiver of any statutory requisition in the prosecution of criminal offenses. Doyle v. The State, 17 Ohio, 225 ; Williams v. The State, 12 Ohio St. 222; Goodwin v. The State, 16 Ohio St. 345.
It was held by this court at the last term, in the case of Parker v. The State, before the code of criminal procedure was adopted, that it was error, to permit the jury, in a criminal case, to separate, after they had retired to deliberate, even though counsel for the defendant consent to their separation; and, although it was not expressly decided in that case, it was strongly intimated, that the consent of the defendant himself would have left him in no worse condition; for it is said in the opinion: “The plaintiff in error should not be prejudiced even by a personal consent, given under circumstances when it could not be withheld, except at the risk *of [482 exciting unkind feelings in the breasts of the jurors who held his fate in their hands.” This accords with what is said by Bishop, in his work on criminal procedure (vol. 1, sec. 827), to be the better doctrine, that “the consent of the prisoner to a separation, which the general rules of the law do not permit, should never bo asked of him, and if it is asked and granted, or even granted without being asked, it will avail nothing.”
If this doctrine might be regarded as doubtful before the passage of the code of criminal procedure, we think the statutory prohibition against the separation of the jury settles the question, and that his consent to such a separation can no more be urged to his prejudice than can his waiver of any other statutory requisition in the prosecution of crimes. Nor does it make any difference whether the separation be permitted before or after the jury have retired to deliberate, for the statutory prohibition extends to the_ whole prog *483 ress of the trial after the jury are sworn, without making the distinction that had to a great extent prevailed in practice. It was the clear purpose of the statute, to place the separation of the jury during any part of the trial, upon the ground of the strict rule of practice forbidding their separation after the case was finally submitted to them for their deliberation.
But the errors alleged are predicated on the motion for a new trial, which was based on the 192d section of the criminal code, and it is claimed that; under the provisions of that-section it was not ei’roneously ovexxuled, for the reason that the defendant was not thereby “materially” pi'ejudiced in his “substantial rights,” nor “ prevented from having a fair trial.”
That section, it is true, px'ovides that a new trial “ may be granted on the applicatioxx of the defendant, for any of the following reasons affecting matexfially his substantial rights: 1. Irregularity in the proceedings of the court, jury, or the prosecuting attorney, or the witnesses for the state, or any order of the court or abuse of discretion, by which the defendant was prevented from having a fair trial,” etc.
It is but reasonable to suppose, that the legislature regarded the prohibition of the separation of the juxy as an essential security of 483] the rights of the parties, in the trial of felonies. *Nor can we suppose that jurox’s were subjected to the iixconvenience thus imposed, without good and substantial reasons. '
At all events, the legislative provision secured to the defendant the xfigbt of having the juxy remain together and excluded from improper influences during the whole trial. This was a substantial right, matexfially affecting his interests. A violation of this right, in permitting the juxy to separate axxd mingle generally with the community, without the restraining supervision of the proper officex*, might, at least, subject them to influences prejudicial to him. The statute secured him against this hazard. It does not leave the defendant to the difficult task of proviixg, when the juxy have been permitted to sepax-ate, that they have been impx'opexfiy influenced, or have, in fact, been subjected to such influences; fox', however much he may have been prejudiced thex'eby, from the íxaturo of the subject, it might be impossible to be shown, since, for reasons of public policy, jurors are competent only as witnesses to sustain, and not to impeach their verdict. The permitting the juxy to separate did, therefore, affect materially a substantial x’ight of the defendant. *484 The “ order of the court ” permitting the separation was a violation of this right. It must, therefore, be admitted that he was thereby prevented “from having a fair trial;” for that can not be a fair trial, within the meaning of the statute, in which the defendant has been deprived, by order of the court, of a material safeguard secured to him by its positive provisions. The consent of the defendant to the order, as we have seen, does not mend the matter; for, in a case like this, the refusal of such consent might be more prejudicial to him than the separation of the jury, the evil provided against by the statute.
Construing the sections of the criminal code referred to, in the light of the former decisions of this court, we are constrained to hold that the court erred in permitting the jury to separate, and in refusing a new trial, on the-motion of the defendant, for that reason. A more liberal construction would practically annul a provision of the new code in relation to the separation of the jury in the trial of felonies,.in which there is evinced a purpose, in this respect, to return *to, rather than to depart from, the strictness of the [484 ancient practice.
We arrive at the conclusion we have in this case the more cheerfully because, although it is not affirmed that all the evidence is set forth in the record, enough does appear to lead us to doubt that the defendant was properly convicted; and, therefore, in the absence of any other error appearing in the record, we may well apprehend that, by reason of the error complained of, the evils iirovided against by the statute may have influenced the verdict.
The judgment of the court of common pleas must be reversed, and a new trial awarded
Brinkerhoff, Scott, and Welch, JJ., concurred.